UNITED STATES of America,
Appellee,

v.

Roberto Carlos BARQUET,
Defendant–Appellant.

No. 12–45–cr.

United States Court of Appeals,
Second Circuit.

Dec. 4, 2012.

Sarah E. Paul, Brent S. Wible, Assistant
United States Attorneys, for Preet Bhar-

ara, United States Attorney for the South-
ern District of New York, New York, NY,
for Appellee.

James M. Branden, Law Office of James
M. Branden, New York, NY, for Defen-
dant–Appellant.

PRESENT: DENNY CHIN,
RAYMOND J. LOHIER, JR., Circuit
Judges, and PAUL G. GARDEPHE,
District Judge.*

### SUMMARY ORDER

Defendant-appellant Roberto Carlos
Barquet appeals from a judgment entered
December 28, 2011, of the United States
District Court for the Southern District of
New York (Hellerstein, J.). After Barquet
pled guilty to conspiracy to distribute her-
oin pursuant to 21 U.S.C. § 846, the dis-
trict court sentenced him principally to
forty-six months' imprisonment. Barquet
challenges this sentence on both procedur-
al and substantive grounds.[1] We assume
the parties' familiarity with the underlying
facts, the procedural history of the case,
and the issues on appeal.

We review a sentence imposed by a
district court for reasonableness. *United
States v. Cavera*, 550 F.3d 180, 189–90 (2d
Cir.2008) (en banc). "Reasonableness re-
view requires an examination of the length
of the sentence (substantive reasonable-
ness) as well as the procedure employed in
arriving at the sentence (procedural rea-
sonableness)." *United States v. Johnson*,
567 F.3d 40, 51 (2d Cir.2009).

### A. Procedural Reasonableness

█ Barquet first argues that the dis-
trict court failed to give "full consider-

* The Honorable Paul G. Gardephe, of the Unit-
ed States District Court for the Southern Dis-
trict of New York, sitting by designation.

1. Barquet's brief frames this appeal as one of
substantive reasonableness. Because, howev-
er, he also alleges that the district court failed

to properly consider the factors outlined in 18
U.S.C. § 3553(a), he is arguably challenging
the procedural reasonableness of his sen-
tence; we therefore engage in a review of
procedural reasonableness as well.

ation" to certain statutory factors, in particular, his history and characteristics, including health problems, drug and alcohol addiction, and cooperation with the government. We disagree.

A district court procedurally errs when it does not consider the factors outlined in 18 U.S.C. § 3553(a). *Cavera*, 550 F.3d at 190; *see also Gall v. United States*, 552 U.S. 38, 49–50, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Unless the record suggests otherwise, however, "we presume . . . that a sentencing judge has faithfully discharged [his] duty to consider the statutory factors." *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir.2006).

At sentencing, the district court imposed a below-Guidelines sentence to "reflect[ ] the help that [Barquet] gave the government." Sentencing Tr. at 13. Furthermore, it specifically acknowledged Barquet's financial difficulties, and earlier in the hearing, defense counsel and Barquet both stressed that the debt was tied to Barquet's health problems and addiction to alcohol and drugs. The court's explanation of its reasoning reflects a careful consideration of Barquet's arguments.

As we do not require "robotic incantations" of the § 3553(a) factors, *United States v. Crosby*, 397 F.3d 103, 113 (2d Cir.2005) (internal quotation marks omitted), *abrogated on other grounds by United States v. Fagans*, 406 F.3d 138 (2d Cir.2005), and because the record does not suggest otherwise, we conclude that the district court properly considered those factors, *Fernandez*, 443 F.3d at 30, and hold that Barquet's sentence was procedurally reasonable.

### B. Substantive Reasonableness

■ Barquet also argues that his forty-six month sentence was substantively unreasonable. This challenge also fails.

A sentence imposed by the district court is substantively unreasonable only if it "cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir.2007)). We will set aside sentencing decisions only in "exceptional cases," *id.*, as we will not substitute our judgment for that of the district court, *Fernandez*, 443 F.3d at 27.

Barquet's sentence was well within the range of reasonable sentences. He was convicted of conspiring to distribute 998.5 grams of heroin, just shy of the 1000 grams that would ordinarily carry a ten-year mandatory minimum sentence. 21 U.S.C. § 841(b)(1)(A). Moreover, because Barquet qualified for the safety valve under § 3553(f), the applicable Guidelines range was fifty-seven to seventy-one months, and thus the district court's forty-six month sentence was well below the Guidelines range. The district court gave appropriate weight to the mitigating factors offered by Barquet, but balanced them against the seriousness of his conduct. *See United States v. Capanelli*, 479 F.3d 163, 165 (2d Cir.2007) ("[T]he weight given to any single factor 'is a matter firmly committed to the discretion of the sentencing judge and is beyond our review.'" (quoting *Fernandez*, 443 F.3d at 32)). We therefore conclude that Barquet's sentence was substantively reasonable.

We have considered Barquet's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.